UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Manuel Tomas,<br><br>    Plaintiff,<br><br>v.<br><br>Central Portfolio Control, Inc.;<br>Experian Information Solutions, Inc.; and<br>TransUnion, LLC,<br><br>    Defendants. | Case No. 1:24-cv-21437 |

# COMPLAINT

## INTRODUCTION

1.      This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff is an individual residing in Miami-Dade County, FL.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

7. Defendant Central Portfolio Control, Inc. ("CPC") is a furnisher of consumer credit information to consumer reporting agencies.

8. CPC was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. CPC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant Experian Information Solutions, Inc. is engaged in the business of maintaining and reporting consumer credit information for profit.

11. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

12. Defendant TransUnion, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

13. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. At relevant times, Plaintiff was allegedly obligated to pay a medical debt originating with Paragon Contracting Services, LLC.

15. The account arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

16. CPC acquired the account after it was allegedly in default.

17. CPC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18. CPC regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due, another.

19. In or about October 2023, Plaintiff reached a settlement agreement with a debt collector, Elevate Recoveries, LLC, who was collecting the account on behalf of the creditor.

20. The agreement called for a lump sum payment to be made for $1,313.00.

21. Plaintiff timely paid the settlement payment required under the agreement on or about October 31, 2023, and the funds cleared on or about November 7, 2023.

22. At that time, the account was satisfied in full, and there was no balance due and owing.

23. In or around February 2024, Plaintiff checked Plaintiff's credit reports and noticed that CPC was reporting inaccurate information regarding the account.

24. Specifically, CPC reported that the account was still delinquent with a past due balance owing.

25. The false information regarding the account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

26. Experian and TransUnion published the false information regarding the account to third parties.

27. Plaintiff has lost time and incurred expense working to resolve the adverse information associated with the account to prevent further harm.

**WRITTEN DISPUTE**

28. On or about February 12, 2024, Plaintiff sent a written letter to Experian and TransUnion disputing the inaccurate information regarding the account reporting on Plaintiff's consumer report, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

29. Experian and TransUnion forwarded Plaintiff's dispute to CPC for reinvestigation.

30. CPC received notification of Plaintiff's dispute from Experian and TransUnion.

31. CPC failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

32. Experian and TransUnion failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

33. CPC failed to instruct Experian and TransUnion to correct the false information reporting on Plaintiff's consumer report.

34. Experian and TransUnion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

35. Experian and TransUnion employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

36. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

## COUNT I – CPC

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

37. Plaintiff re-alleges and reaffirms paragraphs 1-5, 7, 14-31, 33, and 36 as though fully set forth herein.

38. After receiving Plaintiff's dispute, CPC failed to correct the false information regarding the account reporting on Plaintiff's consumer reports.

39. CPC violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

40. As a result of this conduct, action, and inaction of CPC, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. CPC's conduct, action, and inaction was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

42. In the alternative, CPC was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from CPC pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## **COUNT II – Experian and TransUnion**

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

44. Plaintiff re-alleges and reaffirms paragraphs 1-5, 10-15, 19-29, 32, 34, and 35-36 as though fully set forth herein.

45. After receiving Plaintiff's dispute, Experian and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

46. Experian and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

47. As a result of this conduct, action and inaction of Experian and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. The conduct, action, and inaction of Experian and TransUnion was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

49. In the alternative, Experian and TransUnion acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Experian and TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Experian and TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

51. Plaintiff re-alleges and reaffirms paragraphs 1-5, 10-15, 19-29, 32, 34, and 35-36 as though fully set forth herein.

52. After receiving Plaintiff's dispute, Experian and TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

53. Experian and TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

54. As a result of this conduct, action and inaction of Experian and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55. The conduct, action, and inaction of Experian and TransUnion was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

56. In the alternative, Experian and TransUnion acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

57. Plaintiff is entitled to recover costs and attorneys' fees from Experian and TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT IV – CPC

(Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e)

58. Plaintiff re-alleges and reaffirms paragraphs 1-4, 6-9, 14-31, 33, and 36 as though fully set forth herein.

59. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

60. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

61. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

62. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt

collectors who refrain from using such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir. 2011).

63. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221); *see also Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

64. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

65. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

66. Thus, the plain language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir.

9

2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

67.  Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

68.  CPC violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt, including by reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against CPC for noncompliance of the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

1. Trial by jury.

2. Adjudging that CPC violated 15 U.S.C. § 1692e;

3. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

4. Awarding Plaintiff actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

5. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

6. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: April 17, 2024

*/s/ Trescot Gear*
Gear Law, LLC
1405 W. Swann Ave.

Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff